1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Russell Thaw, *et al.*,** ) | |
| **Plaintiffs,** ) | **2:15-cv-01703 JWS** |
| **vs.** ) | **ORDER AND OPINION** |
| **Loretta Lynch, *et al.*,** ) | **[Re: Motions at Dockets 9 and 16]** |
| **Defendants.** ) | |

**I.  MOTIONS PRESENTED**

At docket 9 defendants United States Attorney General Loretta Lynch and thirteen judges of the United States District Court for the District of Arizona (collectively, "Defendants") move pursuant to Rules 12(b)(1) and (2) for an order dismissing the complaint of plaintiffs Russell Thaw, Sheryl Ann Phipps, John M. Daley, and Patent Lawyer Doe (collectively, "Plaintiffs").  In a combined filing at docket 16, Plaintiffs oppose Defendants' motion and move for summary judgment under Rule 56.  Plaintiffs' summary judgment motion is supported by a separate "statement of material undisputed facts" at docket 17.  Defendants reply in support of their motion and oppose Plaintiffs' motion in a combined filing at docket 24.  Defendants' evidentiary objections and response to Plaintiffs' statement of facts is at docket 25.  At docket 31, Plaintiffs reply in support of their motion.

Oral argument was requested, but would not assist the court.

## II.  BACKGROUND

Local Civil Rule 83.1 ("LRCiv 83.1") limits eligibility for full admission to the bar of the Arizona District Court to attorneys who are members of the Arizona Bar.[1]  Plaintiffs, four attorneys who are not Arizona Bar members, allege that this limitation violates federal law.  Specifically, they allege that LRCiv 83.1 violates (1) the Rules Enabling Act; (2) the Supremacy Clause; (3) the First Amendment; (4) Due Process; and (5) Equal Protection.

## III.  STANDARDS OF REVIEW

### A.    Rule 12(b)(6)

Defendants' motion cites Rules 12(b)(1) and (b)(6).  Under Rule 12(b)(1) a party may seek dismissal of an action for lack of subject-matter jurisdiction.  Because Defendants do not assert any challenges to this court's subject-matter jurisdiction, their reliance on Rule 12(b)(1) is misplaced.  Defendants' challenges to the sufficiency of Plaintiffs' complaint fall squarely under Rule 12(b)(6).

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2]  To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[3]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts

---

[1]LRCiv 83.1(a).

[2]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[3]*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

alleged under a cognizable legal theory."[4]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[5]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[6]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[8]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[10]

**B.    Rule 56**

Plaintiffs' motion seeks summary judgment under Rule 56.  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11]  The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under

---

[4]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[5]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[6]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7]*Id.*

[8]*Id.* (citing *Twombly*, 550 U.S. at 556).

[9]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[10]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[11]Fed. R. Civ. P. 56(a).

the governing law will properly preclude the entry of summary judgment."[12]  Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]  However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[14]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[15]  Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[16]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[17]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[18]  However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[19]

---

[12]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[13]*Id.*

[14]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[15]*Id.* at 323.

[16]*Id.* at 323-25.

[17]*Anderson,* 477 U.S. at 248-49.

[18]*Id.* at 255.

[19]*Id.* at 248-49.

1

**IV.  DISCUSSION**

2

**A.    Plaintiffs' Due Process and Equal Protection Claims**

3

Defendants argue that Plaintiffs' complaint fails to state Due Process and Equal

4

Protection claims.[20]  By not responding to this argument, Plaintiffs abandon these two

5

claims.[21]  Counts four and five of the complaint will be dismissed.

6

**B.    Plaintiffs' Rules Enabling Act and Supremacy Clause Claims**

7

Counts one and two of Plaintiffs' complaint allege that LRCiv 83.1 is inconsistent

8

with federal law and therefore violates the Rules Enabling Act, 28 U.S.C. §§ 2071-72,

9

and the Supremacy Clause.  Because these two counts overlap, they will be discussed

10

together.

11

"Federal courts have inherent and broad regulatory authority to make rules

12

respecting the admission, practice, and discipline of attorneys in the federal courts."[22]

13

Two sources of these rules from the Rules Enabling Act are relevant here.  The first is

14

§ 2072, which empowers the Supreme Court to promulgate "general rules of practice

15

and procedure," including the Federal Rules of Civil Procedure, "for cases in the United

16

States district courts (including proceedings before magistrate judges thereof) and

17

courts of appeals."[23]  This authority is limited to procedural rules: no rule may "abridge,

18

enlarge or modify any substantive right."[24]

19

20

21

[20]Doc. 9 at 11-12.

22

23

[21]*See, e.g., Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (collecting cases).

24

[22]*Gallo v. U.S. Dist. Court For Dist. of Arizona*, 349 F.3d 1169, 1179-80 (9th Cir. 2003).

25

[23]28 U.S.C. § 2072(a).

26

27

28

[24]28 U.S.C. § 2072(b).  *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406-07 (2010); *Sain v. City of Bend*, 309 F.3d 1134, 1137 (9th Cir. 2002) ("The requirement that [the Federal Rules] be at least arguably procedural comes from the Rules Enabling Act, 28 U.S.C. § 2072, which provided that the federal rules 'shall not abridge, enlarge or modify any substantive right.'").

1    The second source is § 2071, which empowers courts to promulgate local rules

2    "for the conduct of their business."[25]  This authority is limited to rules that are

3    "consistent with Acts of Congress and rules of practice and procedure prescribed

4    under" § 2072.[26]

5    Defendants argue that LRCiv 83.1 does not violate the Rules Enabling Act

6    because § 2072's prohibition of substantive rules does not apply to local rules enacted

7    under § 2071 and, even if it did, LRCiv 83.1 does not violate that prohibition.[27]  In

8    response, Plaintiffs argue that neither § 2072 rules nor § 2071 rules may be substantive

9    in nature, and LRCiv 83.1 violates this prohibition because it abridges, enlarges, and

10   modifies a host of substantive rights.

11   **1.      § 2072's prohibition of substantive rules also applies to § 2071 rules**

12   Defendants' argument that § 2072's procedural-rule limitation does not apply to

13   rules prescribed under § 2071 relies primarily on *Russell v. Hug*, a case involving a

14   challenge to the Northern District of California's General Order 2 ("GO2").  GO2 set

15   forth the Criminal Justice Act Plan for that court[28] and, among other requirements, it

16   required members of the Indigent Defense Panel to be California Bar members.[29]  The

17   plaintiff, who was not a California Bar member, argued that GO2 violated both § 2071

18   and § 2072.  This case is of no avail to Defendants because the Ninth Circuit held that

19   GO2 was not a "rule" at all,[30] and therefore neither § 2071 nor § 2072 applied.

20

21   ───────────────

     [25]28 U.S.C. § 2071(a).

     [26]*Id.*  Rule 83, which was adopted under § 2072, is in accord.  Fed. R. Civ. P. 83 ("A
     local rule must be consistent with . . . federal statutes and rules adopted under 28 U.S.C.
     §[] 2072 . . . .").

     [27]Doc. 9 at 5-6.

     [28]275 F.3d 812, 815 (9th Cir. 2002).

     [29]*Id.* at 816.

     [30]*Id.* at 817, 819.

1  Defendants also rely on *Giannini v. Real*,[31] but that case also is inapposite because the

2  Ninth Circuit did not address whether local rules must conform to § 2072's standards.

3      Plaintiffs respond by noting that § 2071 was amended by the Judicial

4  Improvements and Access to Justice Act of 1988 ("JIAJA").  Before the JIAJA, § 2071

5  stated that local rules must "be consistent with Acts of Congress and rules of practice

6  and procedure prescribed *by the Supreme Court*."[32]   The JIAJA struck out § 2071's

7  reference to the Supreme Court and substituted a reference to § 2072.[33]  According to

8  one commentary on this revision, this change "requires the rules promulgated on the

9  authority of § 2071 to conform to the requirements of § 2072 instead of merely to rules

10  promulgated by the Supreme Court."[34]

11      Plaintiffs' argument is persuasive.  If Defendants were correct that local rules

12  need only comply with the Supreme Court's § 2072 rules themselves, and not also the

13  statutory limitations to those rules, then the 1988 amendment to the Rules Enabling Act

14  would serve no purpose.  The court holds that § 2071 local rules, like § 2072 rules of

15  general applicability, must be procedural in nature.[35]

16

17

18

19

20

---

21      [31]911 F.2d 354, 360 (9th Cir. 1990).

22      [32]Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 403, 102
23  Stat. 4642 (1988) (emphasis added).

24      [33]David D. Siegel, COMMENTARY ON 1988 REVISION OF SECTION 2071, in 28 U.S.C.A.
   § 2071 (West 2006).

25      [34]*Id.*

26
27      [35]*See Panama Shipping Lines, Inc. v. Ciramar Int'l Trading, Ltd.*, No. 08-21213-CIV,
   2009 WL 812714, at *3 (S.D. Fla. Mar. 26, 2009) ("Section 2072(b) expressly limits the reach of
28  a court's local rules to rules of practice and procedure: 'Such rules shall not abridge, enlarge or
   modify any substantive right.'").

**2.    LRCiv 83.1 does not abridge, enlarge, or modify any substantive right.**

The Supreme Court has held that the Rules Enabling Act's limitation that rules "shall not abridge, enlarge or modify any substantive right"[36] means that the rule "must 'really regulat[e] procedure,—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.'"[37]   The test for determining whether a rule falls under this definition does not depend on whether "the rule affects a litigant's substantive rights; most procedural rules do."[38]   Instead, the test depends on "what the rule itself regulates: If it governs only the manner and the means by which the litigant['s] rights are enforced, it is valid; if it alters the rules of decision by which the court will adjudicate those rights, it is not."[39]

Applying this test, there is no doubt that LRCiv 83.1 regulates procedure. Plaintiffs are correct that LRCiv 83.1 may have a substantive effect on the rights of the parties and attorneys who appear before the Arizona District Court.  For example, the rule prohibits a party from being represented by an attorney who is not a member of the bar and does not qualify under one of the four exceptions set out at LRCiv 83.1(b). Nonetheless, it does not violate § 2072 because it regulates only the process for enforcing rights, not "the rights themselves, the available remedies, or the rules of decision by which the court adjudicate[s] either."[40]   Stated differently, it "governs the

---

[36]28 U.S.C. § 2072(b).

[37]*Shady Grove Orthopedic Associates*, 559 U.S. at 407 (plurality opinion) (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)).

[38]*Id.*

[39]*Id.* (internal quotation marks omitted).

[40]*Id.* at 407-08.

-8-

1  in-court dispute resolution processes rather than the dispute that brought the parties

2  into court."[41]

3      Plaintiffs disagree, arguing that LRCiv 83.1 abridges, enlarges, and modifies the

4  following substantive rights: (1) the right of full faith and credit under 28 U.S.C. § 1738;[42]

5  (2) the right of "federal bar admission" granted to all licensed attorneys under the

6  "National Rules for Bar Admission";[43] (3) the right to practice patent law free from state

7  restrictions;[44] (4) the right to be free from monopolies under federal antitrust law;[45]

8  (5) the right under Rule 1 to a "just, speedy, and inexpensive determination of every

9  action";[46] and (6) various First Amendment rights.  Because plaintiffs' complaint does

10  not allege claims under the "National Rules for Bar Admission" or federal antitrust laws,

11  there is no need to address these two arguments here.[47]  Plaintiffs' First Amendment

12  arguments overlap with their arguments in support of their First Amendment cause of

13  action, and are discussed in the First Amendment section below.

14          **a.     Full faith and credit**

15      The full faith and credit statute, 28 U.S.C. § 1738, provides that any state's

16  official records "shall have the same full faith and credit in every court within the United

17  States" as they have in the state from which they are taken.[48]  Plaintiffs argue that

18

---

19  [41]*Johansen v. E.I. Du Pont De Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir.1987).

20  *See also Morel v. DaimlerChrysler AG*, 565 F.3d 20, 24-25 (1st Cir. 2009) (compiling cases).

21  [42]Doc. 16 at 60-61.

22  [43]*Id.* at 61.

23  [44]*Id.* at 57-59.

24  [45]*Id.* at 65-67.

25  [46]*Id.* at 67 (quoting Fed. R. Civ. P. 1).

26
27  [47]*Twombly*, 550 U.S. 544, 569; *Villegas v. United States*, 963 F. Supp. 2d 1145, 1155
(E.D. Wash. 2013).

28  [48]*See also United States v. Towne*, 997 F.2d 537, 541 (9th Cir. 1993).

1   LRCiv 83.1 violates this statute because it does not afford full faith and credit to the

2   records from other states showing that they are members of "the bar" of those states.[49]

3   As the Ninth Circuit held in *Giannini*, this argument lacks merit because no other state

4   has declared Plaintiffs members of the Arizona bar, which is the relevant requirement.[50]

5               **b.    The right to practice patent law**

6           Plaintiffs argue that LRCiv 83.1 abridges, enlarges, and modifies their inherent

7   right to practice patent law before the Arizona District Court because it adopts a state

8   law restriction on that practice.[51]  Plaintiffs' second cause of action alleges that

9   LRCiv 83.1 violates the Supremacy Clause for the same reason.[52]  Their arguments rely

10  on the Supreme Court's decision in *Sperry v. Florida ex rel. Florida Bar*.[53]

11          In *Sperry*, an attorney was charged with the unauthorized practice of law

12  because he represented Florida clients before the United States Patent Office without a

13  Florida bar license.  Because federal law regulated the ability to practice before the

14  Patent Office and allowed non-lawyers to do so, the Supreme Court held that "by virtue

15  of the Supremacy Clause, Florida may not deny to those failing to meet its own

16  qualifications the right to perform the functions within the scope of the federal

17  authority."[54]

18          *Sperry* is unavailing because there is no conflict between LRCiv 83.7 and rights

19  conferred by federal or state law.  Even if non-Arizona-bar-members have the right to

20

21

22          [49]Doc. 16 at 60; Doc. 31 at 38.

23          [50]*Giannini v. Real*, 911 F.2d 354, 360 (9th Cir. 1990) ("Giannini's claim lacks merit
    because no act, record or judicial proceeding, in New Jersey or Pennsylvania, states that
24  Giannini is entitled to practice law in California.").

25          [51]Doc. 16 at 58; Doc. 31 at 36.

26          [52]Doc. 1-1 at 13.

27          [53]373 U.S. 379, 383 (1963).

28          [54]*Id.* at 385.

1  represent Arizona clients before the Patent Office, that does not provide those

2  individuals with the right to practice before the Arizona District Court.  They are entirely

3  different tribunals and, as Defendants point out, there is "no authority permitting

4  reciprocity between the [Patent Office] and the court system."[55]  Further, the Supremacy

5  Clause is not implicated because Arizona law is not in conflict with federal law.[56]  In fact,

6  the opposite is true: federal and state law is perfectly aligned because federal law

7  incorporates Arizona's standards for bar admission.  It does not violate the Supremacy

8  Clause for a federal law to incorporate state standards.[57]

9              c.    **Rule 1**

10          Plaintiffs argue that LRCiv 83.1 "abridges and modifies the primary aim and

11  purpose of the Federal Rules of Civil Procedure," as expressed in Rule 1, by delaying

12  and making more expensive the resolution of civil cases.[58]  This argument lacks merit

13  because Rule 1, like the rest of the Federal Rules of Civil Procedure, provides no

14  substantive rights.[59]

15

16

17

18  _____

19          [55]Doc. 24 at 8.

20          [56]The Supremacy Clause provides that "[t]his Constitution, and the Laws of the United
    States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land;
21  and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of
    any State to the Contrary notwithstanding."  U.S. CONST. art. VI, cl. 2.

22
           [57]Cf. *Augustine v. Dep't of Veterans Affairs*, 429 F.3d 1334, 1340 (Fed. Cir. 2005)
23  ("Although a state cannot regulate the licensing requirements of attorneys before the Board,
    federal law may adopt or incorporate state law standards as its own.").
24
           [58]Doc. 16 at 67; Doc. 31 at 45.
25
           [59]See, e.g., *Synanon Church v. United States*, 557 F. Supp. 1329, 1330 n.2 (D.D.C.
26  1983) ("Plaintiff also argues that the right to a jury trial in this action is conferred by Rule 57 of
    the Federal Rules of Civil Procedure.  This argument is seriously misguided.  The Federal
27  Rules of Civil Procedure do exactly what their name implies-they establish procedural rules.
    They do not create substantive rights.").
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## C.    Plaintiffs' First Amendment Claims

The First Amendment states in pertinent part that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."[60]  Plaintiffs contend that LRCiv 83.1 violates their First Amendment right to free speech, to free association, and to petition the Government.

### 1.    Free speech

Plaintiffs advance two arguments[61] concerning their First Amendment right to free speech: LRCiv 83.1 is a prior restraint on speech,[62] and it is content-based discrimination.[63]  Both of these arguments fail because they "mistake the appropriate

---

[60]U.S. CONST. amend. I.

[61]Plaintiffs cite various cases in support their First Amendment argument that are not First Amendment cases and, in any event, are unavailing.  These cases include: a case decided on supervisory authority grounds, *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *but see Giannini*, 911 F.2d at 361 (rejecting a supervisory authority challenge to similar local rules in California); cases based on the Privileges & Immunities Clause, *Barnard v. Thorstenn*, 489 U.S. 546, 553 (1989); *Supreme Court of Virginia v. Friedman*, 487 U.S. 59, 69 (1988); and *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 288 (1985); *but see Giannini*, 911 F.2d at 357 (rejecting a Privileges & Immunities Clause challenge to similar local rules in California); and a case based on the Sixth Amendment right to counsel, *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006); *but see Paciulan v. George*, 38 F. Supp. 2d 1128, 1137 (N.D. Cal. 1999) (rejecting an apparent Sixth Amendment challenge to California's bar admission rules); *Nat'l Ass'n for Advancement of Multijurisdiction Practice v. Berch*, 973 F. Supp. 2d 1082, 1113 n.21 (D. Ariz. 2013) (same).

[62]Plaintiffs rely on the following prior restraint cases: *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 335 (2010); *Alexander v. United States*, 509 U.S. 544, 550 (1993); *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963).

[63]Plaintiffs rely on the following content-based-discrimination cases: *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2226 (2015); *United States v. Alvarez*, 132 S. Ct. 2537, 2551 (2012) (same); *Holder v. Humanitarian Law Project*, 561 U.S. 1, 27 (2010); *United States v. Swisher*, 811 F.3d 299, 313 (9th Cir. 2016).

1  First Amendment framework for analyzing" LRCiv 83.1.[64]  The Ninth Circuit considers

2  "bar admission restrictions to be time, place, and manner restrictions on speech."[65]

3         Confronted with this authority, Plaintiffs maintain that LRCiv 83.1 represents

4  content-based discrimination because it contains "three different bar admission

5  restrictions for Arizona lawyers, U.S. government and Tribal lawyers."[66]  In *Reed*, the

6  Supreme Court explained that "[g]overnment regulation of speech is content based if a

7  law applies to particular speech because of the topic discussed or the idea or message

8  expressed."[67]  Plaintiffs content-based argument fails because even they acknowledge

9  that LRCiv 83.1's bar admission requirements do not depend in any way on the topic,

10  idea, or message expressed.[68]

11        Time, place, and manner regulations, like LRCiv 83.1, are reasonable provided

12  that they satisfy three elements: (1) they "are justified without reference to the content

13  of the regulated speech"; (2) "they are narrowly tailored to serve a significant

14  governmental interest"; and (3) "they leave open ample alternative channels for

15  communication of the information."[69]  As just discussed, LRCiv 83.1 satisfies the first

16  element.  LRCiv 83.1 also satisfies the second and third elements for the reasons

17  outlined by the Ninth Circuit in *Berch*: Arizona's bar admission restrictions are narrowly

20  [64]*Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037,
21  1047 (9th Cir. 2014).

22  [65]*Id.*

23  [66]Doc. 16 at 56.

24  [67]*Reed*, 135 S. Ct. at 2227.

25  [68]*See* Doc. 16 at 38 ("U.S. Government and Indian lawyers can express themselves on
26  any topic or subject they want in the District of Arizona on behalf of their clients and each
   other.").

27
28  [69]*Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 611 (9th Cir. 2005) (internal
   quotation marks omitted).

-13-

tailored, they serve a significant governmental interest, and they leave open ample alternative channels of communication.[70]  Plaintiffs' free speech claims lack merit.

### 2.    Free association

"The First Amendment's protection of association prohibits a State from excluding a person from a profession or punishing him solely because he is a member of a particular political organization or because he holds certain beliefs."[71]  Plaintiffs argue that LRCiv 83.1 abridges their right to free association by preventing them from associating "with anyone other than an Arizona Supreme Court licensed lawyer."[72]  This argument lacks merit.  LRCiv 83.1 does not exclude Plaintiffs from Arizona District Court bar membership based on their membership in a particular political organization or because they hold certain beliefs.  Further, as the Ninth Circuit explained in *Berch*: "Arizona attorneys and non-Arizona attorneys are free to associate with attorneys who are members of the bars of other states, whether these other states enjoy reciprocity with Arizona or not."[73]

### 3.    Right to petition

"[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes.  '[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government.'"[74]  Plaintiffs argue that LRCiv 83.1 violates their right to petition by excluding them from practicing before the Arizona District Court.[75]  This is

---

[70]*Berch*, 773 F.3d at 1047.

[71]*Baird v. State Bar of Ariz.*, 401 U.S. 1, 6 (1971).

[72]Doc. 16 at 40.  *See also* Doc. 16 at 64; Doc. 31 at 44.

[73]773 F.3d at 1047-48.

[74]*Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011) (*quoting Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 896–897 (1984)).

[75]Doc. 16 at 63-64.

-14-

1    not so.  LRCiv 83.1 does not deny Plaintiffs meaningful access to the courts because

2    they may practice before the Arizona District Court so long as they follow the

3    procedures outlined in that rule.[76]

4    **D.     Leave to Amend**

5           Plaintiffs argue that if the court holds that they have not stated a claim, they

6    should be granted leave to amend.[77]  Rule 15(a) provides that, after the time for

7    amendment as a matter of course has expired, a party may amend its complaint only

8    with the opposing party's consent or with leave of court.  "The court should freely give

9    leave when justice so requires."[78]  The court exercises its discretion in considering a

10   motion for leave to amend and it may deny the motion if the amendment "appears to be

11   futile or legally insufficient."[79]

12          The only basis for Plaintiffs' motion for leave to amend is their request to add

13   allegations to their complaint that correspond with the new arguments they raised in

14   their current briefing.[80]  After considering Plaintiffs' unpleaded claims that LRCiv 83.1

15   infringes their right to federal bar admission under the "National Rules for Bar

16   Admission" and violates federal antitrust laws, the court finds that amendment would be

17   futile.  Leave to amend is denied.

18

19

20

21

22

23
_____

24   [76]*See Berch*, 773 F.3d at 1048 (9th Cir. 2014).

25   [77]Doc. 31 at 28-29.

26   [78]Fed. R. Civ. P. 15(a)(2).

27   [79]*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

28   [80]Doc. 31 at 28.

### V.  CONCLUSION

Based on the preceding discussion, Defendants' motion to dismiss at docket 9 is **GRANTED,** and Plaintiffs' motion for summary judgment at docket 16 is **DENIED**. Plaintiffs' complaint is dismissed with prejudice.

DATED this 15th day of March 2016.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE